# Order

**Michigan Supreme Court**
**Lansing, Michigan**

September 29, 2006

130523

ALLSTATE INSURANCE COMPANY,
        Plaintiff-Appellant,

v

JACOB DEMPSEY and DEBORAH D.
HARRIS, Personal Representative of the
ESTATE OF JOSEPH L. HARRIS, Deceased,
        Defendants-Appellees.

_____/

Clifford W. Taylor,
*Chief Justice*

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
*Justices*

SC: 130523
COA: 253373
Wayne CC: 03-312396-CK

On order of the Court, the application for leave to appeal the November 22, 2005 judgment of the Court of Appeals is considered and, pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we REVERSE the judgment of the Court of Appeals and REMAND this case to the Wayne Circuit Court for entry of summary disposition in favor of the plaintiff. On the existing record, there was no genuine issue of material fact. Coverage was excluded under the intentional or criminal acts exclusion as defined in the policy of insurance. The plaintiff was therefore entitled to summary disposition under MCR 2.116(C)(10) as a matter of law.

We do not retain jurisdiction.

MARKMAN, J., concurs and states as follows:

I concur fully in the majority's order reversing the Court of Appeals. Defendant hit Harris, causing him to fall, hit the back of his head, and die. Defendant pleaded no contest to a charge of manslaughter, claiming that he was acting in self-defense. His insurer, Allstate, then filed this declaratory judgment action claiming that there was no "occurrence" to give rise to coverage and that even if there was an "occurrence," the intentional or criminal acts exclusion in the policy bars coverage. The trial court denied Allstate's motion for summary disposition, but granted defendant's similar motion. The Court of Appeals affirmed the denial of Allstate's motion, but vacated the summary disposition granted to Dempsey.

Even assuming that there was an "occurrence" within the meaning of the policy that gave rise to coverage, the intentional/criminal acts exclusion bars coverage. The policy at issue states, "We do not cover any bodily injury or property damage intended by, or which may reasonably be expected to result from the intentional or criminal acts or omissions of, an insured person." The policy further states that "[t]his exclusion applies even if . . . such bodily injury or property damage is of a different kind or degree than intended or reasonably expected."

First, there is no question that defendant intentionally punched Harris. Second, even if death was not the reasonably expected result of defendant's intentional act, some bodily injury was certainly the reasonably expected result. Therefore, the intentional/criminal acts exclusion bars coverage here.

This conclusion is not at all inconsistent with our decision in *Allstate Ins Co v McCarn (After Remand),* 471 Mich 283, 289-290 (2004). In *McCarn,* this Court applied the same policy language that is at issue here. *McCarn* involved a sixteen-year-old boy who aimed what he thought was an unloaded gun at his sixteen-year-old friend and pulled the trigger. Tragically, the gun was in fact loaded and the friend was killed. In that case, as well as in this case, there was no question that the insured acted intentionally. The only question was whether a reasonable person would have reasonably expected an injury to result from the intentional act. In *McCarn,* this Court held that a person would not reasonably expect injury to result from the intentional act of aiming and pulling the trigger of what was believed to be an unloaded gun. Therefore, coverage was not barred in that case. The instant case is distinguishable because a reasonable person *would* reasonably expect an injury to result from the intentional act of punching someone.

CAVANAGH, J., would deny leave to appeal.

KELLY, J., would grant leave to appeal.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

September 29, 2006

*Corbin R. Davis*

s0926

Clerk